UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALAN EUGENE RHEA, # 190791,

       Petitioner,

                                    Case No.  1:06-cv-41

v.

                                    HON. ROBERT HOLMES BELL

KURT JONES,

       Respondent.
_____/

## ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Alan Rhea's objections to Magistrate Judge Joseph G. Scoville's Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be denied. (Dkt. No. 29.) The R&R was duly served on the parties. Plaintiff filed objections to the R&R on December 10, 2007. (Dkt. No. 34.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner objects to the R&R on several grounds. Petitioner's first objection is an additional argument that was not raised in his § 2254 petition. In his petition, Petitioner argued that there was insufficient evidence to convict him of first-degree home invasion because there was insufficient evidence that he was ever inside the dwelling that he was accused of invading. (Dkt. No. 1, Pet.19.) In his objections, Petitioner argues that there was insufficient evidence that he possessed a weapon while in the dwelling. (Dkt. No. 34, Obj. 3.) *See* Mich. Comp. Laws § 750.110a(2). Absent compelling reasons, a party is not allowed to raise at the district court stage new arguments or issues that were not presented to the magistrate judge. 28 U.S.C. § 631 et seq.; *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)). Petitioner does not present any "compelling reasons" for not raising this argument in his petition. In any event, Petitioner's argument is without merit. As the language of the statute indicates, being armed with a weapon is one element of the offense of first-degree home invasion, but it is not a necessary element if it is proved that another person is lawfully present in the dwelling "at any time while [defendant] is entering, present in, or exiting the dwelling . . . ." Mich. Comp. Laws § 750.110a(2). The Michigan Court of Appeals concluded that "there was sufficient evidence to prove that defendant was in the house while Mr. Fournier's mother was present," based in part on the fact that Mrs. Fournier exclaimed "What are you doing in my house?" when she saw Petitioner. *Michigan v. Rhea*, No. 235548, slip op. at 2 (Mich. App.

Mar. 20, 2003). A fact-finder could have reasonably inferred from this evidence that Petitioner and Mrs. Fournier were present in the house at the same time. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979) (noting the standard in § 2254 proceedings for review of the sufficiency of the evidence).

Petitioner also argues that, with respect to the claims that he procedurally defaulted for not making a contemporaneous objection, the law regarding contemporaneous objection was not firmly established because Michigan appellate courts have routinely reviewed claims involving constitutional due process rights. Petitioner apparently refers to the following claims that the R&R mentions were found by the Michigan Court of Appeals to have been procedurally defaulted: "petitioner's challenge to the method of polling the jury; petitioner's claim that he was sentenced on the basis of inaccurate information; and petitioner's claim of ineffective assistance of counsel at sentencing." (R&R at 31.) Petitioner does not offer any support for the argument that any of his defaulted claims are among those where "Michigan courts regularly waived contemporaneous objection" due to concerns regarding "constitutional due process rights." *Salem v. Yukins*, 414 F. Supp. 2d 687, 697 (E.D. Mich. 2006). Nevertheless, even if this Court were to find that these defaulted claims should be reviewed, the Court agrees with the analysis and determination of the Magistrate Judge that these claims are meritless, for the reasons stated in the R&R.

Finally, Petitioner objects to the Magistrate Judge's determination that, because the Michigan Court of Appeals and the Michigan Supreme Court relied upon Michigan Court Rule 6.508(D) in denying Petitioner leave to appeal certain of his claims, those courts

intended to bar federal review of such claims, citing *Abela v. Martin*, 380 F.3d 915 (6th Cir. 2004). The court in *Abela* determined that the Michigan Supreme Court's one sentence denial of review on the basis of Michigan Court Rule 6.508(D) was insufficient to show that the state courts relied on an "independent and adequate" state procedural bar, where the lower courts had ruled on the merits of the claim. *Abela*, 380 F.3d at 924 (distinguishing the facts from *Simpson v. Jones*, 238 F.3d 399 (6th Cir. 2000), and *Burroughs v. Makowski*, 282 F.3d 410 (6th Cir. 2002)). However, Petitioner's case does not have the distinguishing factors present in *Abela*, because both the Michigan Court of Appeals and the Michigan Supreme Court denied review, citing Rule 6.508(D). *See McCray v. Metrish*, No. 05-1902, 232 F. App'x 469, 478 n.1 (6th Cir. May 11, 2007) ("In [Petitioner's] case, *Luberda*, and *Abela*, the Michigan Supreme Court relied on Rule 6.508(D) to deny review of a claim. However, in McCray's case and *Luberda*-but not in *Abela*-the state court of appeals also relied on Rule 6.508(D), 'making it clearer that the Michigan Supreme Court was also invoking [a procedural] bar when it referred to M.C.R. 6.508(D).'" (quoting *Abela II*, 380 F.3d at 923)).

Having reviewed the § 2254 petition, the R&R, Petitioner's objections, and the pertinent portions of the underlying record, the Court finds that the R&R accurately recites the facts and correctly applies pertinent law.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and

Recommendation of the Magistrate Judge (Dkt. No. 34) are **DENIED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the Magistrate Judge (Dkt. No. 29) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.


Dated: November 26, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE